Doyle, J.
It is clear that before the commissioners can proceed, under the authority conferred by the act of April 20, 1881 (78 Ohio L. 403), to use any part of the unexpended balance of the road fund of the county to open, grade or macadamize the road provided for by said act, the entire right of way for the whole length of the road must be secured, without the expenditure of any part of that fund for that purpose. The commissioners cannot, by constructing any part of the road, upon lands where the right of way has not been obtained, subject the county to the alternative of paying for it in the future, or being dispossessed after the improvement is made. Nor can the commissioners proceed, having obtained a part of the right of way only, to construct the road over such part, leaving it uncertain whether the balance of the right of way will ever be secured to the county free of cost, and consequently uncertain whether the entire road will ever be completed. The intention of the legislature evidently was to authorize this unexpended balance in the road fund, to be used in laying out, opening and improving this road, provided the *61 entire right of way, between the named termini, is first secured to the county without cost.
The petition alleges, among other things, as ground fer an injunction, that the right of way has not been secured. This allegation the answer denies. The record discloses the fact that the road, as located, runs through a tract of land owned, in his lifetime, by one Byron Kirby; that he died seized of the land, intestate, leaving children; that the widow, who is the guardian of the children, made a quit-claim deed to the county for the right of way through said tract of land, none of the heirs joining therein, and that the county has no other title to that part of the right of way.
The general power of a guardian over the real estate of his ward, is to manage it for the best interest of the ward and to receive and account for the rents and profits. He may lease it, but not beyond the term of the guardianship. He cannot sell or convey any part of it. Genet v. Talmadge, 1 Johns. Ch. 561; Morrison v. Kinstra, 55 Miss. 71; Field v. Schieffelin, 7 Johns. Ch. 154; Appeal of Stoughton, 88 Pa. St. 198; Tyler on Inf. & Cov. 260. The power to sell and convey must be conferred by statute. The jurisdiction of courts of chancery to order the sale rested upon statutory provision, Rogers v. Dill, 6 Hill, 415 ; Williams’ Case, 3 Bland Ch. (Md.) 186. A guardian has no power, in this state, wdiere the subject is regulated by statute, to sell the real estate of his ward except by order of the probate court, in a proceeding properly instituted for that purpose; certainly no power to give it away even for a public use, and perfect the gift by the execution and delivery of a deed.
The numerous statutes in this state, conferring special powers upon guardians in special cases, do not authorize a sale or conveyance of the realty, or a dedication of any part of it to public use, either expressly or by necessary implication. Indeed, if any implication arises from them it is rather that such power, which would necessarily include most of the special powers granted by legislation, does not exist.
The statutes principally relied upon in argument, authorize the guardian, in certain cases, to agree with a corporation seek *62 ing to appropriate tlie land of the ward, as to the 'amount of compensation (but not to convey without order of court) Rev. Stats. § 6415 ; to represent the ward in applications for damages in the proceedings of the commissioners in laying out, constructing and improving certain roads (Rev. Stats. § 4834); to act for the ward in petitioning for or remonstrating against the laying out and establishing free turnpike roads (Rev. Stats. § 4799), and the like. Under none of these statutes, is the estate of the ward supposed to be diminished by the action of the guardian. The act of April 20, 1881, under which the commissioners are proceeding in this case, confers no power either to appropriate or pay any compensation for the land. When the guardian has done all that is authorized by sections 4834 and 4799, R. S. the county is as much required to appropriate the land to be used for the highway, as if the guardian had not exercised the power there granted. The fact that this is a grant to the public, for a highway, does not affect the question. A guardian has no power either to convey the fee, or to incumber the estate with a permanent easement; he cannot grant an easement or license in the land of his ward, beyond the term of the guardianship. Watkins v. Peak, 13 N. H. 377; Johnson v. Carter, 16 Mass. 442.
The claim that the guardian, having the management and possession of the real estate, can permit the county to enter upon the land to construct this road, and that this conveyance at least grants a license to the county, voidable only, is only another way of reaching the same difficulty. If the license could, under any circumstances, become irrevocable, during the minority of the wards, the guardian had no more power to* grant it than to grant the fee; if revocable, either'by the guardian, or the wards after arriving at full age, the county did not thereby obtain the right of way contemplated by the act, which must be a permanent right in the public to use the land for a highway.
Campbell v. Park, 32 Ohio St. 554, has been relied upon by counsel in resisting this motion, but no authority for the action of the guardian here, can be found in the report of that case.
The defendants will be enjoined from expending the moneys *63 of the road fund, in opening or improving the proposed road, until, upon a route lawfully located under said act, the entire right of way is legally obtained.

Judgment accordingly.